UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE NEVAREZ ORTIZ,<br><br>                                    Petitioner,<br><br>v.<br><br>Warden, Otay Mesa Detention Center,<br><br>                                    Respondent. | Case No.:  26-CV-1392 JLS (MMP)<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE**<br><br>(ECF No. 1) |

Presently before the Court is Petitioner Jose Nevarez Ortiz's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Pet.," ECF No. 1).  Also before the Court are Respondent's Response in Opposition to Petitioner's Habeas Petition ("Ret.," ECF No. 10) and Supplemental Briefing ("Supp.," ECF No. 13).  For the reasons set forth below, the Court **DENIES WITH LEAVE TO AMEND** Petitioner's Petition for Writ of Habeas Corpus.

## BACKGROUND

On March 4, 2026, Petitioner, proceeding *pro se*, filed the Petition, alleging that he was detained on August 23, 2025, while purchasing car parts at a junkyard in San Diego. Pet. at 1.  Petitioner argues that he remains in custody for over 180 days "without trial or conviction." *Id.*  On March 6, 2026, the Court referred the Petition to Federal Defenders for evaluation of whether appointment of counsel was appropriate.  ECF No. 2.  On March

18, 2026, Federal Defenders "determined that [Petitioner's] case [was] meritorious and that he financially qualifie[d] for Federal Defenders' services." ECF No. 5. Thus, "[a]ppointment of counsel [was] therefore appropriate." *Id.* On April 1, 2026, after Federal Defenders did not file an amended petition, the Court ordered an amended petition to be filed on or before April 8, 2026. ECF No. 6. On April 3, 2026, Federal Defenders indicated that "[u]pon further review of [Petitioner's] initial petition and conversations with [Petitioner] and his immigration attorney, undersigned counsel ha[d] determined that no further briefing on [Petitioner's] behalf [was] necessary." ECF No. 7 at 1. The Court then set the briefing schedule pursuant to Chief Judge Order No. 144. ECF No. 8.

On April 13, 2026, Respondent filed their return, arguing the Court lacks jurisdiction because Petitioner failed to name as a respondent the warden of the facility where he is detained and that Petitioner failed to plead sufficient information for the Court to decide his Petition. Ret. at 1–4. On April 21, 2026, the Court ordered supplemental briefing—specifically regarding "(1) Petitioner's status at the time of his arrest, (2) the date and circumstances surrounding his arrest, and (3) all relevant information regarding Petitioner's ongoing removal proceedings." ECF No. 11 at 2. On May 5, 2026, Respondent submitted supplemental briefing. *See* Supp. Federal Defenders did not file any supplemental briefing on behalf of Petitioner. *See generally* Docket.

In Respondent's supplemental briefing, Respondent provided the relevant factual background for the Petition. Petitioner entered the United States on or about December 15, 2009, without inspection. Supp. at 1. In 2022, Petitioner was convicted of Driving under the Influence Causing Great Bodily Injury to a Child and sentenced to three years of probation. *Id.* On August 21, 2025, "as a result" of the DUI conviction, ICE "conducted a targeted operation and apprehended the Petitioner." *Id.* On September 12, 2025, Petitioner had a bond hearing where the immigration judge denied bond due to lack of jurisdiction. *Id.* Petitioner appealed this decision. *Id.* On January 9, 2026, pursuant to an Order from Judge Cathy Ann Bencivengo in Petitioner's previous habeas petition, Petitioner received a bond hearing under 8 U.S.C. § 1226(a). *Id.*; *see also Nevarez Ortiz*

*v. LaRose et al.*, 25-CV-3744-CAB-DDL, ECF No. 5 (S.D. Cal. Dec. 29, 2025).  In this hearing, bond was denied "on the merits."  Supp. at 1.  Petitioner did not appeal this decision to the Board of Immigration Appeals.  *Id.*  Petitioner's merits hearing was held on April 30, 2026, and the immigration judge has yet to issue their decision.  *Id.*

Respondent argues that Petitioner "remains mandatorily detained under 8 U.S.C. § 1225(b)(2)(A)."  *Id.*  Respondent also argues that Petitioner has failed to name as respondent the warden of the facility, to allege sufficient information for the Court to rule, and to sign and verify the Petitioner as required by 28 U.S.C. § 2242.  *Id.* at 1–2.

## LEGAL STANDARD

A federal prisoner challenging the execution of his or her sentence, rather than the legality of the sentence itself, may file a petition for writ of habeas corpus in the district of his confinement pursuant to 28 U.S.C. § 2241.  *See* 28 U.S.C. § 2241(a).  The sole judicial body able to review challenges to final orders of deportation, exclusion, or removal is the court of appeals.  *See generally* 8 U.S.C. § 1252; *see also Alvarez–Barajas v. Gonzales*, 418 F.3d 1050, 1052 (9th Cir. 2005) (citing REAL ID Act, Pub. L. No. 109-13, 119 Stat. 231, § 106(a)).  However, for claims challenging ancillary or collateral issues arising independently from the removal process—for example, a claim of indefinite detention— federal habeas corpus jurisdiction remains in the district court.  *Nadarajah v. Gonzales*, 443 F.3d 1069, 1076 (9th Cir. 2006), *abrogated on other grounds by Jennings v. Rodriguez*, 138 S. Ct. 830 (2018); *Alvarez v. Sessions*, 338 F. Supp. 3d 1042, 1048–49 (N.D. Cal. 2018) (citations omitted).

## DISCUSSION

As a threshold matter, Petitioner has failed to name the warden of the facility where he is detained as respondent, as required by 28 U.S.C. § 2243.  Therefore, the Court lacks jurisdiction to hear the Petition.  *See Mukhamadiev v. U.S. Dep't of Homeland Security*, No. 25-CV-1017-DMS-MSB, 2025 WL 1208913, at *3 (S.D. Cal. Apr. 25, 2025) ("[T]he Court cannot exercise jurisdiction over [petitioner's] Petition so long as he fails to name as respondent the warden of the detention facility where he is being detained.").

Respondent also correctly points out that Petitioner has failed to comply with Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts which "requires petitioner to sign and verify his habeas corpus petition." *Dixon v. Clark*, 714 F. Supp. 2d 1029, 1034 (C.D. Cal. 2010); *see* Rule 2, 28 U.S.C. § 2254 (requiring petition "be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242"); *id.* § 2242 ("Application for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf."). Petitioner has failed to sign the Petition, and it is unclear whether Petitioner filed the petition on his own behalf or if someone else filed it for him. Therefore, because Petitioner failed to name the warden of the facility where he is detained as a respondent and failed to sign and verify the Petition, the Petition must be **DENIED WITH LEAVE TO AMEND**. *See Alazar v. Warden*, No. 26-CV-1388-DMS-BJW, ECF No. 5 (S.D. Cal. Apr. 20, 2026) (dismissing § 2241 petition without prejudice for failure to sign)*; Avendano Martinez v. ICE*, No. 26-CV-2328-JES-MSB, ECF No. 3 (S.D. Cal. Apr. 24, 2026) (dismissing § 2241 petition without prejudice for failure to sign and verify).

Even if Petitioner had correctly named the warden of the facility where he is detained and signed and verified the Petition, the Court is not persuaded that Petitioner has identified any grounds for relief. Petitioner, in his previous habeas petition, was granted a bond hearing under 8 U.S.C. § 1226(a), which he received. *See Nevarez Ortiz*, 25-CV-3744-CAB-DDL, ECF No. 5. Petitioner does not allege that this bond hearing was insufficient, nor does he provide the hearing transcript. *See generally* Pet. Petitioner also failed to appeal the denial of bond to the BIA, raising exhaustion concerns. *See Nagiyev v. Warden*, No. 25-CV-3744, 2026 WL 945965, at *2–3 (S.D. Cal. Apr. 7, 2026) (denying post-bond hearing challenge based on exhaustion).

/ / /

/ / /

/ / /

## CONCLUSION

Based on the foregoing, the Court **DENIES** Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) **WITH LEAVE TO AMEND**.  Within <u>forty-five (45) days</u> of entry of this Order, Petitioner may file an amended petition curing the deficiencies noted above. ***If Plaintiff fails to amend within the time provided, the Court will enter a final order dismissing this civil action.***  *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005).

**IT IS SO ORDERED.**

Dated:  May 7, 2026

Hon. Janis L. Sammartino
United States District Judge

26-CV-1392 JLS (MMP)